UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re: | Chapter 11 |
| Etrog Properties LLC, | Case No. |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re: | Chapter 11 |
| Lulav Properties LLC, | Case No. |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re: | Chapter 11 |
| Jerusalem Properties LLC, | Case No. |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re: | Chapter 11 |
| AM-Sedgwick LLC, | Case No. |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**CONSOLIDATED DECLARATION**
**PURSUANT TO THE LOCAL BANKRUPTCY RULES**

David Goldwasser, declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1.  I have been engaged as the chief restructuring officer for Etrog Properties LLC ("Etrog"), Lulav Properties LLC ("Lulav"), Jerusalem Properties LLC ("Jerusalem") and AM-Sedgwick LLC ("Sedgwick") (collectively, the "Debtors"), charged with the responsibility of overseeing these Chapter 11 cases through a bankruptcy sale process. Prior to the commencement of the Chapter 11 cases, each of the Debtors engaged in negotiations with their senior lender,

Valley National Bank ("VNB"), with the goal of reaching consensus on a Restructuring Support Agreement ("RSA").

2. The negotiations with VNB were successful and resulted in the execution of the RSA, annexed hereto as Exhibit "A". The RSA shall provide the blueprint for these Chapter 11 cases and contemplates a coordinated sale process with VNB based upon a minimum total bid of at least $8,350,000 for all of the Debtors' properties by the old and new investors, plus the assumption of certain of the Debtors' liabilities.

3. With the goal of implementing the RSA through bankruptcy, I respectfully submit this consolidated Declaration in accordance with Local Bankruptcy Rule 1007-4 in support of the Debtors' respective Chapter 11 petitions. The purpose of this Declaration is to outline the Debtors' respective capital and debt structures, the events leading up to the commencement of the Chapter 11 cases and the Debtors' reorganization strategies.

4. I anticipate that the respective Chapter 11 cases will be jointly administered because the Debtors' various properties are subject to common mortgages held by VNB. Hence, I am submitting a consolidated declaration for each of the respective Debtors.

**Debtors' Respective Capital Structures**

5. The respective Debtors own various primarily mixed-use rent stabilized residential apartment buildings in the Bronx, located at 938 Intervale Avenue (the "Intervale Property"), 916-918 Faile Street (the "Faile Property"), and 2734 Sedgwick Avenue (the "Sedgwick Property," together with the Intervale Property and the Faile Property, the "Properties"). The Sedgwick Property is owned by two of the Debtors as tenants-in-common. The Properties and their respective owners are summarized as follows:

| Property | Owner | Mortgage[1] | Units | Rent Roll |
|---|---|---|---|---|
| 938 Intervale Ave | Etrog Properties LLC | $3,860,000 | 31 | $40,085.92 |
| 916-918 Faile St. | Lulav Properties LLC | $6,175,000 | 61 | $40,375.70 |
| 2734 Sedgwick Ave. | Jerusalem Properties LLC (65%) AM-Sedgwick LLC (35%) | $4,975,000 | 58 | $67,968.70 |

6.    As indicated above, the Properties are currently subject to separate mortgages held by VNB as successor to Oritani Finance Company, which merged with VNB as of December 1, 2019.

7.    Apart from the mortgage debt, the Debtors are indebted to the Small Business Administration (the "SBA") in the approximately total sum of $150,000 (Jerusalem), $120,000 (Sedgwick), $185,000 (Lulav) and $59,000 (Etrog). Additionally, the Debtors are obligated for unpaid real estate taxes, water bills and certain vendor claims.

### Events Necessitating the Chapter 11 Filing

8.    The Debtors have expended significant time, energy and resources in connection with the operations of the Properties, which were purchased in October 2017 (Intervale and Faile) and December 2017 (Sedgwick), respectively, despite a number of related market challenges. The acquisitions occurred before changes in the rent laws, which went into effect in 2019. These changes, combined with the fallout from the pandemic, have dramatically eroded the values of the Properties, which are worth less than half of their original acquisition prices. Besides mortgage financing, the principals of the Debtors have made multi-million dollar capital contributions to buy and maintain the Properties.

---

[1] Amounts listed are the original principal amounts of the mortgage debts, subject to unpaid interest, fees and advances.

9. The Debtors have struggled with rent collections, evictions, and disrepair at their respective Properties. Indeed, many of the units require gut renovations. The cumulative impact of these operational issues lead the Debtors to default on their mortgage debts in 2023 and to fall behind on their real property taxes and water bills, some of which are now subject to re-payment plans.

10. VNB commenced three separate foreclosure actions against the Debtors in 2024, which are all pending in the Supreme Court, Bronx County.

11. While the Properties present significant challenges in today's environment, the situation can be salvaged through a sale process under Chapter 11. Bankruptcy will allow the Debtors to maximize the values of the Properties with the support of VNB pursuant to the RSA. In bankruptcy, the Debtors will continue to operate and manage the Properties under cash collateral arrangements with VNB that permit rent collections to be used to pay operating expenses, taxes, and open water charges.

12. The parties are in agreement that Greg Corbin of Northgate Real Estate Group ("Northgate") shall be retained as the broker in these cases. Accordingly, the Debtors intend to move promptly for the formal retention of Northgate in conjunction with the filing of a sales procedures motion to kickstart the sale process. A liquidating plan and disclosure statement will follow shortly thereafter

## Local Rule 1007-4 Disclosures

13. Pursuant to Local Rule 1007-4(a)(v), no committee of creditors was formed prior to the filing of the respective petitions.

14. Pursuant to Local Rule 1007-4(a)(ii), the respective cases are single asset real estate case within the meaning of Bankruptcy Code § 101(51B).

15. Pursuant to Local Rule 1007-4(a)(vi), a list of the respective Debtors' twenty largest creditors is included as part of the Debtors' bankruptcy schedules filed herewith.

16. Pursuant to Local Rule 1007-4(a)(vii), the Properties are subject to the senior mortgages held by VNB, [and the Sedgwick Property is subject to a subordinate mortgage held by the SBA].

17. Pursuant to Local Rule 1007-4(a)(viii), the Debtors' respective assets and liabilities are set forth in the Debtors' bankruptcy schedules.

18. Pursuant to Local Rule 1007-4(a)(ix), the respective membership or equity interests of each of the Debtors are reflected in the schedules of equity holders.

19. Pursuant to Local Rule 1007-4(a)(xii), the Debtors' respective books and records are maintained in Roslyn, New York and at the Properties.

20. Pursuant to Local Rule 1007-4(a)(xiii), the Debtors are subject to pending foreclosure actions instituted by VNB in the Supreme Court, Bronx County. A complete list of all pending lawsuits for each of the respective Debtors are being filed herewith.

21. Pursuant to Local Rule 1007-4(a)(xiv), none of the members of the Debtors will receive a salary or other compensation. I have been engaged by the Debtors pursuant to a monthly fee arrangement.

Dated: New York, New York
July 14, 2025

box SIGN    15JJ9VVW-138J5PKZ

David Goldwasser, CRO